I concur with the majority in affirming the judgment in the Banarjees' appeal, Case No. 76112. I respectfully dissent, however, from the majority's reversal of the judgment in the County's cross-appeal, Case No. 76153.
The partial transcript of proceedings reflects that at 2:45 p.m. on January 28, 1999, the County made an offer of judgmentinitially in the amount of $37,000. Tr. 3-8. The Banarjees' counsel complained that the County had originally appraised the property at $37,000 but had subsequently reduced the appraisal to $30,500. After some discussion of the County's offer, this colloquy occurred:
 THE JUDGE: What do you have to say? How do you respond to his argument?
 MR. O'DAY: He had a valuation of $37,000. The case was filed. Once the case is filed, he can't come around and keep changing his valuation.
 MR. RITZ: All right. I'll move to amend my motion to be the value of 30,500.
* * *
 THE JUDGE: I'll hold your motion in abeyance at this point and we'll make that ruling after we've heard the evidence.
MR. RITZ: Thank you.
Tr. 10-11 (Emphasis added).
This discussion indicates that the County reduced its offer of judgment from $37,000 to $30,500. While the Assistant County Prosecutor refers to this offer as a "motion," the only subject for discussion during this colloquy was the County's offer of judgment. The County could tender that offer without a motion. I believe it is therefore inescapable that the final offer of judgment on the table was $30,500, and the Banarjees refused that offer. The case proceeded and the jury returned its verdict assessing just compensation in the amount of $34,000. The trial court subsequently denied the County's motion for costs, presumably because the County's final offer of judgment was $30,500.
Had the County stood firm on its offer of $37,000, I would have no difficulty in agreeing that the Banarjees would be responsible under R.C. 163.16 for costs incurred after they refused the County's offer and the jury returned its verdict for a lesser amount. But having "amended" its offer of judgment to $30,500, the County was not entitled to recover costs under R.C. 163.16.
Because the jury awarded more than the County ultimately offered, the trial court correctly refused to charge the Banarjees with court costs under R.C. 163.16. I would therefore affirm the judgment in Case No. 76153.